## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. JOHNSON.

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5692.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. An instruction was requested in this case on the question of intent to defraud or deceive similar to the request considered by this court in Sacramento Suburban Fruit Lands Co. v. Melin, 36 F.(2d) 907, just decided. The request was refused, and no instruction of like import was given in its place. For this error the judgment must be reversed.

There was likewise error in the instruction on the question of the statute of limitations. The Code of Civil Procedure of California prescribes the time within which actions must be commenced. Subdivision 4 of section 338 reads as follows: "Within three years: * * * An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." The following instruction relating to the discovery of the fraud was given: "Moreover, he is told by the circular that to bring an orchard to bearing takes five to seven years. He has a right to test it out. He wouldn't be obliged to grasp and believe anybody's statement if he heard it, that it was not adapted to commercial orchards, and he would have five to seven years, according to defendant's theory, to test it out, if he didn't otherwise find out it was not adapted to commercial orchards. He says he planted his trees in 1924, and seeing them die, as they did, mostly in 1927, his theory is that it was then when he discovered, and only then, that the land was not adapted to the commercial growing of fruit."

Under this instruction the plaintiff might bide his time for the full period required for the maturing of an unplanted orchard, unless he happened to find out through some other source that the land was not adapted for orchards, and he was not even required to pay heed to statements from others that the land was not so adapted, however reliable the source of the information might be. The instruction falls far short of the rule of diligence required in such cases.

"Knowledge by the defrauded party of facts which in the exercise of proper prudence and diligence would enable him to learn of the fraud is usually deemed equiva-

lent to discovery; and therefore not only in equity but generally in those jurisdictions where the equitable rule has been made applicable to actions at law, the statute runs from the time when by the use of reasonable diligence the fraud could have been discovered. 'No principle is better settled in actions based upon fraud, where the rights of a party are dependent upon his diligence in discovering the fraud, than that means of knowledge is knowledge itself; that knowledge of facts which should put a reasonable man upon inquiry invests the suitor in legal contemplation with full knowledge of all that such inquiry would have developed.' " 37 C. J. 939.

The judgment is reversed, and the cause remanded for a new trial.